**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| CHARLES TYLER | § | |
| | § | **C.A. NO. G-06-430** |
| Plaintiff, | § | |
| | § | |
| vs. | § | IN ADMIRALTY – RULE 9(h) |
| | § | |
| *M/V CP NAVIGATOR* [formerly named *M/V LYKES NAVIGATOR*], her engines, boilers, tackles, apparel, etc., in rem; Lykes Lines Ltd., LLC; CP Ships Netherlands B.V.; Damco (Netherlands) B.V.; Europe Cargo; and Cementnatie, in personam | § | |
| | § | |
| Defendants. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Charles Tyler, files this Original Complaint against the *M/V CP NAVIGATOR* [formerly the "*M/V LYKES NAVIGATOR*"], Lykes Lines Ltd. LLC, CP Netherlands B.V., Damco (Netherlands) B.V., Europe Cargo, and Cementnatie. Accordingly, Plaintiff would respectfully show:

## I. Jurisdiction and Venue

1.01 This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1333, as well as by virtue of complete diversity, 28 U.S.C. § 1332. Application of the Admiralty Extension Act ["AEA"], 46 U.S.C. § 740, extends this Court's jurisdiction to encompass Plaintiff's shore-based injury resulting from the negligence of a vessel.

1.02 This action is brought pursuant to 33 U.S.C. §§ 905(b) and 933 of the Longshore Harbor Workers' Compensation Act, as well as General Maritime Law. Venue is proper in this Court because the accident giving rise to this lawsuit occurred in this District.

**II.**
**Parties**

2.01 Plaintiff, Charles Tyler ["Plaintiff"], is a Texas resident. At all times material, Plaintiff's stevedore employer was Ceres Gulf, Inc. ["Ceres"].

2.02 Defendant *M/V CP NAVIGATOR* [formerly "*M/V LYKES NAVIGATOR*"], IMO 8413289, is a United States flagged vessel engaged in the common carriage of cargo by water for hire, and is now, or will be during the pendency of process, within the District and this Court's jurisdiction.

2.03 Defendant Lykes Lines Ltd., LLC ["Lykes"] is a domestic corporation believed to be the owner, owner *pro hac vice*, operator, and/or manager of the *NAVIGATOR* at the time of the subject incident. Lykes is subject to specific jurisdiction before this Court since its negligence directly caused the Plaintiff's accident in this District. Lykes may be served by delivering a copy of the Complaint and Summons in accordance with TEX. CIV. PRAC. & REM. CODE §17.044, *et. seq*., in care of its home offices: James Wachtel, Vice President, 401 East Jackson, Suite 3300, Tampa, Florida 33602; or through attorney of record: James T. Brown, LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P., 6363 Woodway, Suite 400, Houston, Texas 77057.

2.04 Defendant CP Ships Netherlands B.V. ["CP Ships"] is a foreign corporation believed to be the owner, owner *pro hac vice*, operator, and/or manager of the *NAVIGATOR* at the time of the subject incident. CP Ships is subject to specific jurisdiction before this Court since its negligence

directly caused the Plaintiff's accident in this District. Regardless, CP Ships is subject to general jurisdiction in this Court under FED. R. CIV. P. 4(k)(2); CP Ships has contacts with the nation on a whole sufficient to satisfy applicable constitutional requirements and Plaintiff's claims arise under federal law. Accordingly, RR may be served with process by delivering copies of Summons and this Complaint in accordance with FED. R. CIV. P. 4(h)(1). Alternatively, service may be perfected by serving through TEX. CIV. PRAC. & REM. CODE §17.044, *et. seq*., in care of its home offices: Patrick L. Jones, Sr. Supervisor, Insurance & Claims, 401 East Jackson Street, Suite 3300, Tampa, Florida 33602; or through attorney of record: James T. Brown, LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P., 6363 Woodway, Suite 400, Houston, Texas 77057.

2.05 Defendant Damco (Netherlands) B.V. ["Damco"], is a foreign corporation believed to be the freight forwarder, broker, and/or cargo logistics manager for the subject cargo and container involved in this lawsuit. Damco is subject to jurisdiction in this Court under FED. R. CIV. P. 4(k)(2); Damco has contacts with the nation on a whole sufficient to satisfy applicable constitutional requirements and Plaintiff's claims arise under federal law. Accordingly, Damco may be served with process by delivering copies of Summons and this Complaint in accordance with FED. R. CIV. P. 4(h)(1) or, alternatively, through TEX. CIV. PRAC. & REM. CODE §17.044, *et. seq*., in care of its home offices: Mr. Theo Kjoortomst, Albert Plesmanweg 61, Rotterdam, Netherlands; or through attorney of record: Robert C. Oliver, SHARP & OLIVER L.L.P., 550 Westcott, Ste 230, Houston, Texas 77007.

2.06 Defendant Europe Cargo ["Europe"] is a foreign corporation believed to be the freight forwarder, broker, and/or cargo logistics manager for the subject cargo and container involved in this lawsuit. Europe is subject to jurisdiction in this Court under FED. R. CIV. P. 4(k)(2); Europe has contacts with the nation on a whole sufficient to satisfy applicable constitutional requirements and Plaintiff's claims arise under federal law. Accordingly, Europe may be served with process by

delivering copies of Summons and this Complaint in accordance with FED. R. CIV. P. 4(h)(1) or, alternatively, through TEX. CIV. PRAC. & REM. CODE §17.044, *et. seq*., in care of its home offices: Mr. Fred Konings, Europe Cargo – Antwerp, Cadixstraat 7, 2000 Antwerp, Belgium; or through attorney of record: Iliaura Hands, MILLER & WILLIAMSON L.L.C., 3150 Energy Centre, 100 Poydras St., New Orleans, LA 70163.

2.07 Defendant Cementnatie [“Cementnatie”] is a foreign corporation believed to be the packer for the cargo and container at issue in this lawsuit. Cementnatie is subject to jurisdiction in this Court under FED. R. CIV. P. 4(k)(2); Cementnatie has contacts with the nation on a whole sufficient to satisfy applicable constitutional requirements and Plaintiff’s claims arise under federal law. Accordingly, Cementnatie may be served with process by delivering copies of Summons and this Complaint in accordance with FED. R. CIV. P. 4(h)(1) or, alternatively, through TEX. CIV. PRAC. & REM. CODE §17.044, *et. seq*., in care of its home offices: Moerstraat 3, Hall 2, Module 5A, 2030 Antwerp, Belgium; or through attorney of record: Jeffrey R. Bale, BALE & GODKIN, L.L.P. 1600 Hwy 6 South, Suite 200, Sugar Land, Texas 77478.

## III
## Facts

3.01 On or about October 13, 2003, Plaintiff was working for Ceres as a truck driver in Barbours Cut terminal in the Port of Houston. A container discharged from the *NAVIGATOR* was loaded onto a yard hustler driven by Plaintiff. While he was transiting to the yard in the terminal, heavy steel coils broke free and shifted within the container. The loaded container overturned suddenly and without warning – flipping the connected chassis and hustler with Plaintiff inside.

3.02 Due to the radical weight shift when the unstable container fell over, Plaintiff was caused to be violently thrown within the cab of his truck – resulting in his sustaining severe and disabling injuries.

## IV.
## Causes of Action

*Negligence – General Maritime Law*

4.01 The container involved in this dispute and shipment of steel coils were imported from Port of Antwerp, Belgium. In Antwerp, the coils were delivered to Defendants Damco, Cementnatie, and/or Europe, who were responsible for loading, stowage, and dunnaging the cargo so that it was properly packaged for ocean transport to Houston, Texas. Accordingly, Plaintiff would show Damco, Cementnatie, and/or Europe either:

(1) negligently employed others to accomplish the loading, stowing and/or securement of the cargo;

(2) negligently hired unqualified personnel to accomplish the assigned tasks; and/or

(3) themselves negligently accomplished their assigned tasks of securing, loading, stowing, dunnaging, and/or packaging the cargo.

*Vessel Negligence – LHWCA § 905(b)*

4.02 The subject container and cargo was delivered to the Port of Antwerp, Belgium, and loaded on the *NAVIGATOR* for transport to the Port of Houston, Texas. Defendants Lykes and/or CP Ships received the subject container and accepted same in good order and condition.

4.03 In performance the shipment, Lykes and/or CP Ships negligently failed to properly inspect and/or secure the container and subject cargo in their care, custody, and control, rendering same an appurtenance under the active control of the vessel for which it is liable.

4.04 Plaintiff sustained the injuries and damages complained of herein as a direct and proximate result of one or more or all of the above-mentioned negligent acts and/or omissions of the *NAVIGATOR* and/or Defendants.

4.05 Further, Plaintiff has received medical treatment, sustained lost time from work, and suffered severe emotional distress. Plaintiff continues to be prevented from engaging in usual occupations, pastimes and pursuits.

4.06 Plaintiff would show the accident in question resulted from the negligence of the *NAVIGATOR* and/or Defendants and through no fault of his own.

**V.**
**Damages**

5.01 As a result of the accident in question, Plaintiff seeks compensation for his injuries and itemizes his damages as follows:

(a) Loss wages, past and future;

(b) Medicals, past and future;

(c) Physical pain and suffering;

(d) Mental pain and anguish;

(e) Permanent physical impairment;

(f) Disability and loss of enjoyment of life.

**VI.**
**Prayer**

**WHEREFORE**, Plaintiff prays that:

1. summons in due form of law may issue against the *NAVIGATOR* and Defendants (except that service on the *NAVIGATOR* be withheld in abeyance), and after due proceedings had, there be Judgment herein in favor of Plaintiff and against Defendants, jointly severally and *in solido*, in a sum and for an amount adequate to compensate Plaintiff for his damages;

2. he have and recover legal and prejudgment interest from date of Judicial Demand until paid, all costs of these proceedings and all general and equitable relief; and

4. this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: **June 30, 2006**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

/s/ Kurt B. Arnold

KURT B. ARNOLD
Texas State Bar No. 24036150
Southern District of Texas No. 36185
700 Louisiana Street, Suite 4700
Houston, Texas 77002
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**Attorney-in-Charge for Plaintiff**

OF COUNSEL:

**JASON A. ITKIN**
Texas Bar No. 24032461
Federal I.D. No. 33053
**ARNOLD & ITKIN LLP**
700 Louisiana Street, Suite 4700
Houston, Texas 77002
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**DOUGLAS T. GILMAN**
Texas Bar No. 24048496
Federal I.D. No. 596954
**TRAVIS B. VARGO**
Texas Bar No. 24047027
Federal I.D. No. 613946
VARGO ✧ GILMAN L.L.P.
909 Fannin, Suite 3838
Houston, Texas 77010
Telephone (713) 224-6622
Facsimile (866) 543-3643