United States Courts
Southern District of Texas
FILED
AUG 23 2007
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES TYLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-06-430 |
| | § | |
| M/V CP NAVIGATOR, *et al*, | § | |
| | § | |
| Defendant. | § | |

**COURT'S INSTRUCTIONS TO THE JURY**

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the Instructions of the Court concerning the law applicable to this case.

**I.**

**GENERAL INSTRUCTIONS**

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one Instruction alone as stating the law, but must consider the Instructions as a whole. Neither are you to be concerned with the wisdom of any rule stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a Verdict upon any view of the law other than that given in the Instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a Verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially

consider all of the evidence in the case, follow the law as stated by the Court, and reach a just Verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a Court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of his or her authority delegated to him or to her by the corporation, or within the scope of his or her duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Now, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of

common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness' testimony as to facts within that person's personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his or her relationship to the Plaintiffs or to the Defendants; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other

credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has testified by deposition, or has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an exert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, of if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

In a civil action such as this, each party asserting a theory of claim or defense, as hereafter described, has the burden of proving every essential element of that claim or defense by

"preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim or defense by a "preponderance of the evidence" merely means to prove that the claim or defense is more likely so than not so.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim. Likewise, if the Defendant fails to establish any essential element of its defense by a preponderance of the evidence, you should find for the Plaintiff on that defense.

## II.

## LIABILITY INSTRUCTIONS

Plaintiff, Charles Tyler, is asserting a negligence claim against Defendant, Cementnatie, in this case.

Plaintiff's claim is that Defendant was negligent and that Defendant's negligence was a proximate cause of his injuries. However, Defendant contends that Plaintiff did not sustain an injury on the day of the accident made the basis of this lawsuit, October 13, 2003, and if he did, that it was not as a result of any negligence on its part.

To prevail on his claim, the Plaintiff must prove each of the following three elements by a preponderance of the evidence:

1. That Plaintiff Charles Tyler sustained an injury on October 13, 2003;

2. That Defendant Cementnatie was "negligent;" and

3. That Defendant Cementnatie's negligence, if any, was a "proximate cause" of damage sustained by Plaintiff, Charles Tyler.

"Negligence" is the failure to use ordinary care. "Ordinary care" is that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances. Negligence may consist of either doing something that an ordinarily prudent person would not do under the same or similar circumstances, or in failing to do something that an ordinarily prudent person would do under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be the proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Defendant Cementnatie further contends that Plaintiff Charles Tyler was negligent and that such negligence was a proximate cause of Plaintiff's injuries. The Defendant bears the burden of proving by a preponderance of the evidence that the Plaintiff was negligent. In order to succeed in this contention, the Defendant must establish two factors:

1. That Plaintiff Charles Tyler was negligent; and

2. That the Plaintiff's negligence, if any, was a proximate cause of the damages sustained by the Plaintiff.

If you find that Plaintiff did not sustain an injury on October 13, 2003, then you will not answer the remaining questions. However, if you do find that he sustained an injury on October

13, 2003, then you must answer the question whether or not either party was negligent and if that negligence proximately caused Plaintiff's damages, if any.

If you find that the Defendant is negligent and that the Plaintiff is also negligent, then the Plaintiff may or may not be barred from recovery, but if not, his recovery will be reduced. Let me give an example: If you find that the accident was due partly to the fault of the Plaintiff, that the Plaintiff's own negligence was, for example, 10 percent responsible for the damage, then you must fill in the percentage as your finding on the special verdict from that I will explain to you.

Your finding that the Plaintiff was negligent in that circumstance does not prevent him from recovering. I will merely reduce the Plaintiff's total damages by the percentage that you insert. However, if you find that the Plaintiff's own negligence was more than 50 percent responsible for the damage, then Plaintiff will be barred from recovering. Of course, by using the examples above, I do not mean to suggest any specific numerical figure to you. If you find that the Plaintiff was negligent, you might find any amount between 1% and 99%.

**III.**

**<u>DAMAGE INSTRUCTIONS</u>**

If Plaintiff Charles Tyler has proven his claim against Defendant Cementnatie by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given you Instructions about the Plaintiff's damages as an indication in any way that I believe the Plaintiff should or should not win this case. It is you task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole, that is, to compensate the Plaintiff for the damages he suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injuries.

If the Plaintiff wins, he is entitled to compensatory damages for the loss of his earning capacity, medical care, physical pain and mental anguish, disfigurement, and physical impairment that he has suffered because of the Defendant's wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

A. Damages Accrued

If you find for the Plaintiff Charles Tyler, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B. Calculation of Future Damages

If you find that the Plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award the amount you believe would fairly compensate him for such future damages.

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that the Plaintiff will not actually suffer until some future date. If you should find that the Plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1. You should reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings;

2. If you make an award for the future loss of earnings, you must reduce it to the present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if he receives it today than if he received it in the future when he would otherwise have earned it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus, you should adjust the amount

of any award for future loss of earnings by the amount of interest that the Plaintiff can earn on that amount in the future.

If you make any award for any future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you award for future pain and suffering and future metal anguish, if any.

You may award damages for any bodily injury that the Plaintiff sustained and any pain and suffering, mental anguish, and/or physical impairment that the Plaintiff experienced in the past, or will experience in the future, as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award that you make should be fair in the light of the evidence.

You may award damages for aggravation of an existing disease or physical defect, or activation of any such latent condition, resulting from physical injury to the Plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation, and make an allowance in your verdict only for the aggravation.

You are instructed that any recovery by Plaintiff is not subject to taxation. Do not include any amount in your award, if any, for taxes. Neither should you consider attorney's fees regarding any amount you determine.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize damages.

If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence that the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied its burden of proving the Plaintiff's conduct was not reasonable.

Of course, again, the fact that I have given you Instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

## IV.

## DELIBERATIONS AND COMMUNICATION

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience.

**[EXPLAIN VERDICT]**

You will take the Verdict form to the jury room and when you have reached unanimous agreement as to your Verdict, you will have your Foreperson fill it in, date and sign it, and then notify the Marshal, so that you may be returned to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the Foreperson, and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time, until you have reached a unanimous verdict.

**DONE** at Galveston, Texas, this the 23rd day of August, 2007.

HONORABLE SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE